UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JASON GOODWILL,

        Petitioner,

v.                                     Case No. 18-cv-618-pp

SHERIFF ROESLER,

        Respondent.

**ORDER ADOPTING JUDGE JONES'S RECOMMENDATION (DKT. NO. 7), DENYING PETITION FOR WRIT OF *HABEAS CORPUS* (DKT. NO. 1), DENYING PETITIONER'S MOTION FOR DEFAULT JUDGMENT (DKT. NO. 13), DISMISSING CASE WITHOUT PREJUDICE AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY**

        On September 30, 2016, the petitioner was charged in Sheboygan County Circuit Court with failing to register as a sex offender as required by Wis. Stat. §301.45(6)(a). Dkt. No. 7 at 2; State v. Goodwill, Case No. 2016CF000628 (Sheboygan County Circuit Court) (accessible at https://wcca.wicourts.gov). That case remains pending; trial is scheduled for March 20-21, 2019. Id.

        On April 18, 2018, the petitioner filed this petition for a writ of *habeas corpus* under 28 U.S.C. §2241. Dkt. No. 1. Magistrate Judge David E. Jones issued a report, recommending that this court dismiss the petition as premature because of the ongoing state court proceedings. Dkt. No. 7. The petitioner has objected to that recommendation. Dkt. No. 9. He also has filed a motion for default judgment, despite the fact that the court has not set a

1

deadline for the respondent to answer the petition and Judge Jones has recommended its dismissal. Dkt. No. 13.

The court adopts Judge Jones's recommendation, dismisses the case without prejudice and denies the motion for default judgment.

**II.   Allegations in the Petition**

The petitioner challenges his detention in State v. Goodwill, Case No. 2016CF000628, the case for which he is awaiting trial. He states four grounds for relief. First, he asserts that he is detained under pretense. Dkt. No. 1 at 10. Second, he alleges racketeering, misconduct, "exculpation," retaliation, tampering, domestic terrorism, "simulated legal proceedings" and "kangaroo courts by judicial usurpers." Id. Third, he asserts that his due process rights have been violated, as well as "obstruction, tampering" and retaliation against a crime victim. Id. at 11. Finally, he asserts that he has long-term and chronic serious medical needs that are not being properly addressed in the Sheboygan County Detention Center (SCDC). Id. at 12.

The petitioner's factual allegations are disjointed. He says that he's in custody because of "usurpers of public office." Id. at 10. He indicates that he is a federal whistleblower, a victim of racketeering, a witness and an informant, and that as such, he is owed federal protections which he has been denied. Id. He alleges that the case for which he's in custody constitutes double jeopardy, because it is identical to another state case that was dismissed for lack of jurisdiction and misconduct. Id. He then mentions a 2009 state case, he says that in 2012 he was released from custody with no restrictions, and that a

district attorney convinced courts in Michigan to falsify documents and to falsify the Wisconsin Circuit Court Access electronic docket. Id. at 10-11. He says that the "Eastern District Courts" have evidence of obstruction, fabrication, and tampering.[1] Id. at 11. He says that Sheboygan officials have violated the racketeering act, and that the Sheboygan courts lack integrity. Id. Finally, he says that he has epilepsy and lupus, and has physical disabilities due to being run over. Id. at 12. He alleges that he is not receiving proper treatment for these conditions, and has not for years. Id.

**III.    Judge Jones's Recommendation**

Judge Jones found that the petitioner had not demonstrated the exceptional circumstances that would warrant pretrial federal *habeas* relief. Dkt. No. 7 at 4. He pointed out that the petitioner could raise his claims of unlawful detention, fraud and due process violations in his pending state court case, either at the trial level or on appeal. Id. In effect, Judge Jones concluded that the petitioner had not exhausted his remedies on those claims, citing Olsson v. Curran, 328 F. App'x 334, 335 (7th Cir. 2009).  As to the petitioner's allegations that his medical needs are not being met, Judge Jones held that that claim could not be raised through a §2241 *habeas* petition. Id. To the

---

[1] The plaintiff is a frequent filer in the Eastern District of Wisconsin. This is his fourth *habeas* petition. Goodwill v. Clements, 12-cv-1096-PJG; In re: Petition filed by Jason Goodwill, 16-mc-38-CNC; Goodwill v. City of Sheboygan, 17-cv-622-PP. He also has filed six civil cases since 2012. Goodwill v. City of Sheboygan, 12-cv-1093-RTR; Goodwill v. Clements, 12-cv-1094-RTR; Goodwill v. Clements, 12-cv-1095-RTR; Goodwill v. Sheboygan County Detention Center, 17-cv-1326-JPS; Goodwill v. Urmanski, 18-cv-129-WCG; Goodwill v. Hoffman, 18-cv-1712-PP.

3

extent that the petitioner was seeking to file an Eighth Amendment deliberate indifference claim, Judge Jones noted that the proper way to pursue such a claim is through a civil lawsuit under 42 U.S.C. §1983. Id. Finally, noting that the petitioner had filed three other cases in this district in the past year, making many of the same allegations he made in this case, Judge Jones warned the petitioner that continuing to engage in frivolous litigation could subject him to sanctions, including an order barring him from filing any further cases. Id. at 5.

**IV.    The Petitioner's Objection**

The petitioner noted that he has repeatedly told the courts in this district that the SCDC does not have an adequate law library, and that this deprives him of meaningful access to the courts. Dkt. No. 9 at 1. He said that while Judge Jones referred in his recommendation to various rules and cases, the petitioner cannot review those rules and cases. He doubts that Judge Jones is right that the rules governing cases under 28 U.S.C. §2254 also govern cases under §2241, but says he doesn't have the ability to research the issue. Id. He alleges that Judge Jones neglected to mention his double jeopardy claim. Id. at 2. He discusses a document that he filed on April 18, 2017 (even though he did not file this petition until 2018). Id. The petitioner says that Judge Jones "may be correct" that this *habeas* petition is premature, but asks, "how can you know without seeing evidence or hearing me out?" Id. at 3. He says that he is "upset" at Judge Jones's warning about frivolous filings, insisting that his prior cases were dismissed "as a direct result of obstruction and tempering by

4

Sheboygan officials and due to the absence of a 'decent and adequate law-library.'" Id. The petitioner objects to Judge Jones saying that his petition "plainly appears" defective, when Judge Jones has not given him a hearing or seen evidence. Id. at 4. Finally, the petitioner states that under the "Universal Declaration of Human Rights," the "Constitution of the Republic of America," and the Magna Carta, his petition should be granted. Id.

**V.  Analysis**

    A.    <u>Standard of Review</u>

Under Fed. R. Civ. P. 72(b)(3), the district court must review *de novo*—without deference to the magistrate judge—any part of the magistrate judge's recommendation to which a party properly objects. See also, 28 U.S.C. §636(b)(1)(C). The court can accept, reject, or modify (in whole or in part) the magistrate judge's findings or recommendations.

    B.    <u>Governing Law</u>

Under §2241, a prisoner may seek *habeas* relief if he or she is "in custody in violation of the Constitution or law or treaties of the United States." 28 U.S.C. §2241. Rule 1(b) of the Rules Governing Section 2254 Cases in the United States District Courts provides that a district court may apply those rules to "a habeas corpus petition not covered by Rule 1(a)." A §2241 petition is a *habeas corpus* petition not covered by Rule 1(a), so this court may exercise its discretion to apply the Rules Governing Section 2254 Cases in the United States District Courts to this case.

5

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts says:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

For years, the Supreme Court has recognized a "fundamental policy against federal interference with state criminal prosecutions." Younger v. Harris, 401 U.S. 37, 46 (1971). Given this policy, "federal courts must ordinarily abstain from enjoining ongoing state judicial proceedings that offer an adequate opportunity for review of constitutional claims." Olsson, 352 Fed. App'x at 94 (citing Younger, 401 U.S. at 43-45). When there is an ongoing state criminal prosecution in process at the time the petitioner files his federal case, federal courts "should assume that state procedures will afford an adequate remedy, in the absence of unambiguous authority to the contrary." Id. (quoting FreeEats.com v. Indiana, 502 F.3d 590, 598 (7th Cir. 2007)). Even when the state prosecution is over in the trial court, federal *habeas* law requires a convicted defendant to "exhaust" his claims in the state appellate courts before filing a federal *habeas* petition. See 28 U.S.C. §2254(b)(1)(A); Rhines v. Weber, 544 U.S. 269, 274 (2005).

C. Discussion

Because the petitioner's state prosecution is still pending, Judge Jones was right that this *habeas* petition is premature. The petitioner has a place to raise all his claims—the Sheboygan County Circuit Court.

6

The petitioner feels, however, that he will not get a fair shake in Sheboygan County. He believes that the judge is prejudiced against him and is violating his rights, that the prosecutor has denied him protections, and that he is subject to obstruction, fraud, tampering and misconduct by Sheboygan County officials.

The court does not know whether the petitioner's concerns are warranted (although it suspects they are not). But even if the judge, prosecutor and officials in Sheboygan County aren't giving his claims the treatment the petitioner believes they deserve, he *still* has an opportunity to present them in state court. If the petitioner is convicted at his trial, he can appeal that conviction—and the decisions of the Sheboygan County judge—to the Wisconsin Court of Appeals. If he is unsuccessful there, he can seek review in the Wisconsin Supreme Court. If that fails, he can—having exhausted his state remedies—seek *habeas* relief in the Eastern District of Wisconsin. Even on *de novo* review, the court agrees with Judge Jones that the first three grounds in the petition are premature.

As to the petitioner's fourth claim—that staff at the SCDC are not properly treating his serious medical conditions—the petitioner is asserting that SCDC staff are subjecting him to cruel and unusual punishment in violation of the Eighth Amendment, by exhibiting deliberate indifference to his serious medical needs. "If an inmate established that his medical treatment amounts to cruel and unusual punishment, the appropriate remedy would be to call for proper treatment, or to award him damages; release from custody is

7

not an option." Glaus v. Anderson, 408 F.3d 382, 387 (7th Cir. 2005). Because a *habeas* petition is what someone files if they want to be released from custody, and because the remedy for deliberate indifference to serious medical need is not release from custody, an incarcerated person who alleges deliberate indifference to serious medical need must bring "a civil rights action" under 42 U.S.C. §1983. Id.

Neither Judge Jones nor this court was required to hold a hearing to decide that the petition must be dismissed. Rule 8(a) of the Rules Governing Section 2254 Cases in The United States District Courts leaves it to the judge to decide whether an evidentiary hearing is warranted, and the judge does not need to make that decision unless he or she does not dismiss the petition. Regardless of whether the petitioner can produce evidence to support his claims, the *law* says that he must present that evidence to the state courts first. There was no reason for Judge Jones to hold a hearing when the law says that the court must dismiss the petition as premature.

As to the petitioner's argument that he does not have access to a good law library, so he can't research the statutes, rules and cases Judge Jones cited, the court can imagine that must be frustrating for the petitioner. But if the petitioner is convicted (or even if he is not, and he decides to file a civil rights lawsuit), he will be somewhere other than the SCDC, and will have the opportunity to research everything that Judge Jones cited, and everything that this court cites.

## VI. Motion for Default Judgment

After Judge Jones issued his report and recommendation, the petitioner filed a motion asking the court to enter default judgment in his favor, and to grant the *habeas* petition. Dkt. No. 13. He asserts that the respondent has not responded to or answered the petition. Id. He is right, but that is because the respondent has not yet been required to answer or respond to the petition. If Judge Jones had decided that the petition had merit, he would have issued a scheduling order, giving the respondent a deadline for answering or filing a motion to dismiss. Because Judge Jones found that it plainly appeared from the face of the petition that the petitioner was not entitled to relief, he did not issue a scheduling order; he issued his report and recommendation. The respondent has not defaulted, because the court has not required him to answer. The court will deny the motion for default judgment.

## VII. Certificate of Appealability

Section 2253(c)(1) of Title 28 provides that in a federal *habeas* petition where the petitioner has challenged his detention by a state court, the petitioner may not appeal a final order of the district court "[u]nless a circuit justice or judge issues a certificate of appealability." The circuit court may not grant a certificate of appealability unless the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). When the district court denies the petition without reaching the petitioner's underlying constitutional claim, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a

9

constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 478 (2000). Rule 11(a) of the Rules Governing Section 2254 Cases requires the district court to issue or deny a certificate of appealability when it issues a final order adverse to the petitioner.

Because the court finds that reasonable jurists would not find it debatable whether the petitioner stated a valid claim of the denial of a constitutional right, or find it debatable whether this court was correct in its procedural ruling, the court declines to issue a certificate of appealability.

## VIII. Conclusion

The court **ADOPTS** Judge Jones's recommendation, dkt. no. 7, and **DENIES** the petitioner's petition for a writ of *habeas corpus* under 28 U.S.C. §2241, dkt. no. 1.

The court **DENIES** the petitioner's motion for default judgment. Dkt. No. 13.

The court **ORDERS** that this case is **DISMISSED WITHOUT PREJUDICE**.

The court **DECLINES** to issue a certificate of appealability.

Dated in Milwaukee, Wisconsin this 13th day of March, 2019.

BY THE COURT:

_____
HON. PAMELA PEPPER
United States District Judge
